UNITED STATES of America

v.

Kenny Franklin EDMONSON.

No. 3:01–CR–27BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 16, 2001.

Gary K. Silberman, Christopher G. Holt, Jackson, MS, for defendant.

Kenny Franklin Edmonson, Madison County Detention Center, Canton, MS, pro se.

Giles Wood Bond, Jr., U.S. Attorney's Office, Jackson, MS, for U.S.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendant to Dismiss Indictment Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. The Court, because Defendant is proceeding *pro se*, has liberally construed the allegations contained in the pleadings. The Court has considered the Motion, Response, attachments to each, and supporting and opposing authority and finds that the Motion is not well taken and should be denied.

## I. Factual Background and Procedural History

The government alleges that Defendant used various names to apply for cellular telephone accounts from Bell South Mobility, a cellular telephone service provider. Based on the information contained in the applications, Bell South Mobility issued multiple accounts, each having separate and identifiable account numbers, to Defendant. Defendant allegedly used, or allowed others to use, cellular devices associated with the subject accounts, thereby incurring large service bills on each account. Defendant, however, did not pay for the cellular telephone services provided through the subject accounts, and continued to incur charges on these accounts until the cellular service was disconnected by Bell South Mobility for non-payment.

On February 23, 2001, a grand jury in the United States District Court for the Southern District of Mississippi returned a one-count indictment against Defendant which recites:

The Grand Jury charges:

That from on or about January 18, 2000, through on or about May 18, 2000, in Hinds County in the Jackson Division of the Southern District of Mississippi, and elsewhere, the defendant, **KENNY FRANKLIN EDMONSON,** knowingly and with intent to defraud, did use unauthorized access devices, to wit, Bell South Mobility cellular telephone account numbers, and by such conduct did obtain things of value aggregating more that $1,000.00 during a one-year period, which conduct affected interstate commerce, in violation of Section 1029(a)(2), Title 18 United States Code.

The government contends that Defendant, because he did not intend to pay the charges incurred on the accounts he opened with Bell South Mobility, acquired, and then used, the subject accounts with

the intent to defraud the cellular service provider. The government further alleges that the use of the cellular telephones, either by himself or by others, after the subject accounts were acquired constitutes the use of an "access device" under 18 U.S.C. § 1029(a)(2). Defendant has moved to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure.

## II. Analysis

The Court construes the Motion of Defendant to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, in part, as one challenging the sufficiency of the indictment entered against him. The United States Court of Appeals for the Fifth Circuit has found that: "An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Cauble,* 706 F.2d 1322, 1333 (5th Cir.1983). Generally, the sufficiency of an indictment is determined from its face. *See United States v. Risk,* 843 F.2d 1059, 1061 (7th Cir.1988) (citing *United States v. Sampson,* 371 U.S. 75, 78–79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962)). A court, however, may consider whether the allegations contained in the indictment are sufficient to state a claim under the relevant criminal statute. *Id. See also United States v. Brown,* 925 F.2d 1301, 1305 (10th Cir.1991) (holding that "it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case.").

In the present case, Defendant is charged with having violated 18 U.S.C. § 1029(a)(2) which provides:

(a) Whoever—

. . . .

(2) knowingly and with the intent to defraud[,] traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period;

. . . .

shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section.

Under the statute:

(e) As used in this section—

(1) the term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

. . . .

(3) the term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, cancelled, or obtained with intent to defraud;

. . . .

(5) the term "traffic" means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of;

18 U.S.C. § 1029(e)(1), (3) and (5). To establish that Defendant committed a punishable offense under 18 U.S.C. § 1029(a)(2), the government must prove:

1. That [he] used one or more unauthorized access devices;

2. That [he] obtained something of value aggregating at least $1000.00 during a one-year period;

3. That [he] acted knowingly and with intent to defraud; and

4. That [his] conduct affected interstate or foreign commerce.

*United States v. Soape,* 169 F.3d 257, 267 (5th Cir.1999).

■ The Court finds that the indictment under which Defendant is charged is legally sufficient on its face as it (1) it contains the elements of the offense charged, (2) informs the Defendant of the charge against him, and (3) is sufficient to bar future prosecution for the same alleged conduct. *See Cauble,* 706 F.2d at 1333. The Court additionally finds that the actions the government alleges were taken by Defendant may be prosecuted under 18 U.S.C. § 1029(a)(2).

First, the government must show that Defendant used an unauthorized access device. An unauthorized access device, for the purposes of 18 U.S.C. § 1029, may include "any ... account number ... or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used ... to obtain ... services, or any other thing of value" which was "obtained with intent to defraud." *See* 18 U.S.C. § 1029(e)(1) and (3). Therefore, under the plain language of the statute, account numbers, such as those corresponding to the Bell South Mobility accounts which are the subject of the indictment, are "access devices." *See e.g. United States v. Bailey,* 41 F.3d 413, 417 (9th Cir.1994) (finding that "[w]hen that statute refers to 'account ac-

cess,' it evidently means access to the privileges permitted by virtue of the maintenance of an account."). Additionally, the cellular account numbers allegedly obtained by Defendant allowed him to access the corresponding accounts which made possible the provision of cellular telephone service. *See United States v. Brewer,* 835 F.2d 550 (5th Cir.1987) (holding that use of an identification number that allowed access to long distance telephone service was an "access device" as defined by 18 U.S.C. § 1029(e)(1)). The Court, therefore, finds that the Bell South Mobility cellular telephone service account numbers, which are the subject of the indictment, are "access devices" as that term is defined by 18 U.S.C. § 1029(e)(1).

Defendant, however, asserts that the indictment should be dismissed because a "cellular telephone used for [the] purpose of 'free-riding' [1] on [a] telephone system or transferred to another for that purpose does not constitute [an] 'access device' within [the] statute." *See* Motion to Dismiss, ¶ 2. In support of his argument, Defendant cites *United States v. Brady,* 820 F.Supp. 1346 (D.Utah 1993), *aff'd* 13 F.3d 334 (10th Cir.1993). In *Brady,* the United States Court of Appeals for the Tenth Circuit considered whether a cellular telephone used to free-ride was an "access device" as defined by 18 U.S.C. § 1029(e)(1). The court concluded it was not because the individual who was free-riding, while he did access the system of the cellular carrier, did not access the account of a legitimate subscriber of the carrier. *See Brady,* 13 F.3d at 339. Other courts that have considered this issue have

---

1. "Free-riding" refers to the:

[U]se of mobile cellular telephones which have been converted, by the insertion of a 'tumbling' microchip that counterfeits electronic codes that access the transmitting facilities operated by commercial cellular telephone companies, in a manner that cir-

cumvents the carrier's service monitoring procedures thereby permitting the user to avoid charges resulting from the illicit invasion of the cellular telephone company's property.

*United States v. Ashe,* 47 F.3d 770, 771–72 (6th Cir.1995).

reached the opposite conclusion. *See e.g. Ashe,* 47 F.3d at 774 (holding that "invasion of an identifiable customer's account is not a necessary element proof" under the statute); *Bailey,* 41 F.3d at 418 (holding that 18 U.S.C. § 1029 extends to free-riding via tumbling devices because that activity incurs charges as between cellular service companies and § 1029 "nowhere implies that the only 'account' protected against improper 'access' is one maintained by an end customer.").

This Court, however, need not decide the issue of whether a cellular telephone used for the purpose of free-riding is an access device under 18 U.S.C. § 1029 because Defendant was not indicted for such activity, nor is it alleged that he engaged in such activity. In the present case, Defendant is charged with having used, knowingly and with the intent to defraud, unauthorized access devices, namely "Bell South Mobility cellular telephone *account numbers.*" *See* Indictment (emphasis added). *See also* Response to Motion to Dismiss (arguing that Defendant was charge with "using cell phones with attendant account numbers that he ... obtained with the intent to defraud."). As such, the cases cited by Defendant in which courts have concluded that free-riding is not actionable under 18 U.S.C. § 1029 on the grounds that a identifiable account is not accessed, are inapposite to the case pending before this Court in which the presence of an identifiable access account is alleged in the indictment. Accordingly, the Court finds that this argument of Defendant lacks merit.

The second element the government must prove is that Defendant obtained the Bell South Mobility cellular telephone account numbers with the intent to defraud.[2]

The term "defraud" is defined as the taking or withholding of "some possession, right, or interest by calculated misstatement or perversion of truth, trickery, or other deception." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 593 (1986). The government alleges that Defendant, because he obtained the subject cellular telephone accounts using various names and false information, and because Defendant did not intend to pay for the charges he incurred, intended to defraud Bell South Mobility. The Court finds that the allegation contained in the indictment, i.e. that Defendant used cellular telephone account numbers he obtained intending to defraud the cellular telephone service provider, is sufficient to state a claim under 18 U.S.C. § 1029(a)(2). The Court additionally finds that the factual allegations proffered by the government with regard to its claim that Defendant acted with the intent to defraud are sufficient to allow the case to proceed to trial.

Third, the government must show that Defendant, by his alleged conduct, obtained goods, services, or any other thing valued at greater than $1,000.00 during a one-year period. The indictment alleges that Defendant used the subject unauthorized cellular telephone account numbers during a four-month period of time thereby obtaining "things of value," presumably cellular telephone services, aggregating greater than $1,000.00. The Court finds that this allegation is sufficient to state a claim under 18 U.S.C. § 1029(a)(2) as Defendant could have incurred telephone charges totaling greater than $1,000.00 by his unauthorized use of the subject cellular telephone accounts. Additionally, the indictment specifically charges that Defendant allegedly obtained these services

---

**2.** The government must show an intent to defraud to satisfy both the statutory definition of "unauthorized access device" under 18 U.S.C. § 1029(e)(3) and the third prong of its

prima facie case under 18 U.S.C. § 1029(a)(2) as set forth by the Fifth Circuit in *Soape,* 169 F.3d at 267.

within the statutorily prescribed one-year period. Accordingly, the Court finds that the allegation in the indictment, and those made by the government in support of its claim that Defendant obtained services valued at greater than $1,000.00 within a one-year period because of his unauthorized use of the subject cellular telephone accounts, are sufficient to allow this case to proceed to trial.

■ Finally, the government must show that the actions allegedly taken by Defendant affected interstate commerce. In this regard, the United States Supreme Court has identified three broad categories that Congress may regulate under its Commerce Clause powers: (1) the use of the channels of interstate commerce, (2) the use of instrumentalities of interstate commerce, and (3) activities that have substantial effects on interstate commerce. *See United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The United States Court of Appeals for the Ninth Circuit has found that telephones are "instrumentalities of interstate commerce" under *Lopez* and, therefore, "no further inquiry is necessary to determine that their regulation under 18 U.S.C. § 1029(a) is within the Commerce Clause authority" of Congress. *United States v. Clayton,* 108 F.3d 1114, 1117 (9th Cir. 1997). Further, cellular telephone identification numbers and account numbers, because they are an "integral part" of the use of cellular telephones, are likewise considered "instrumentalities of interstate commerce." *Id.* The Court finds that as Defendant was charged with unauthorized use of "cellular telephone account numbers," which are considered instrumentalities of interstate commerce, the indictment is sufficient to state a claim that Defendant's alleged activities affected interstate commerce under 18 U.S.C. § 1029.

Having concluded that the allegations contained in the indictment are sufficient to state a viable claim under 18 U.S.C. § 1029(a)(2), the Court finds that the Motion of Defendant to Dismiss the Indictment as Insufficient, as a matter of law, under Rule 12(b)(2) of the Federal Rules of Criminal Procedure is not well taken and should be denied.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss Indictment Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure [21–1] is hereby denied.